**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | } | |
| | } | |
| **VERNON R. WISE and** | } | **CASE NO.:  09-40153** |
| **JENNIFER P. WISE** | } | |
| | } | **CHAPTER:  13** |
| Debtors. | } | |
| | } | |

## MEMORANDUM OPINION

This case is before the Court on the Motion to Set Aside Confirmation Order and Dismiss Case (Doc. # 37) filed by creditor Peggy Holder ("Holder"), and the Brief Memorandum in Opposition filed by the chapter 13 Trustee (Doc. # 43). The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the General Order of Reference, as amended, entered by the United States District Court for the Northern District of Alabama. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); therefore, the Court has authority to enter a final order.

For the reasons stated below, the Court is denying the Motion. In compliance with Rule 7052(a) of the Federal Rules of Bankruptcy Procedure, the following shall constitute the Court's findings of facts and conclusions of law.[1]

### FINDINGS OF FACTS:

On January 22, 2009, Debtors filed their petition under chapter 13 of the Bankruptcy Code,[2]

---

[1]All "Rule" references are to the Federal Rules of Bankruptcy Procedure. "Fed.R.Civ.P." references are to the Federal Rules of Civil Procedure.

[2]11 U.S.C. § 101 *et seq*, and herein the "Code." All "Section" references are to a section or other subdivision of the Code.

along with the "Certificate of Completion of Credit Counseling" dated January 22, 2009 (Doc. # 4). On March 5, 2009, Holder filed an unsecured claim (Claim # 6) in the amount of $22,802.51. A hearing on confirmation of the Debtors' chapter 13 plan was held on March 26, 2009, and the plan was subsequently confirmed by order dated March 30, 2009 (Doc. # 36). On the same day, Holder filed her Motion to Set Aside Confirmation Order and Dismiss Case (the "Motion") requesting this Court to set aside the confirmation order and dismiss the case on the grounds that Debtors were not eligible to be debtors in a chapter 13 case under title 11 because they received credit counseling on the same day they filed their petition. At the April 28, 2009 hearing on Holder's Motion the Court gave the parties an opportunity to brief their positions. Counsel for Holder declined to file a brief in support of his client's position that the confirmation order be set aside and the case dismissed. On May 26, 2009, the Trustee filed her Brief Memorandum in Opposition to Creditor's Motion to Reconsider Confirmation and Dismiss Case (Doc. # 43). Also on May 26, 2009, Debtors filed a document (Doc. # 44) "adopt[ing] the brief filed by the Trustee as their own."

CONCLUSIONS OF LAW

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") added to the Bankruptcy Code the requirement, with limited exceptions, that debtors receive credit counseling before filing a bankruptcy petition. Section 109(h) provides in part:

> (h)(1) Subject to paragraphs (2) and (3), and notwithstanding any other provisions of this section, an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that

-2-

> outlined the opportunities for available credit counseling and assisted
> such individual in performing a related budget analysis.

Section 109(h)(1).

This Court has held that a debtor's failure to receive credit counseling one calendar day before filing a petition will result in dismissal of the case. *In re Hammonds*, 2008 WL 4830071 (No. 08-40928-JJR-13, Sept.22, 2008). In *In re Hammonds*, this Court sustained a creditor's objection to confirmation where the debtors obtained credit counseling and filed their bankruptcy petition the same day. *Id*. at *1. In *Hammonds*, the creditor filed its objection to confirmation which was heard by this Court along with the confirmation. *Id*. After examining the treatment of this issue by other courts, this Court determined:

> It is not unreasonable to require a potential debtor to obtain credit counseling at least the day before filing the bankruptcy petition with the expectation he might receive information which might enable him to work through his credit crisis without resorting to bankruptcy. Admittedly in most cases this does not occur, and credit counseling is often followed by bankruptcy. However, at a minimum, it appears Congress intended for individuals to wait at least one calendar day before filing bankruptcy after being informed of its consequences and plausible alternatives.

*Id*. at * 4.

Citing *Hammnonds*, Holder asserts in her Motion that Debtors are ineligible for bankruptcy relief because of their failure to wait at least one day after receiving credit counseling to file their bankruptcy petition. Had Holder raised this objection prior to confirmation, as did the creditor in *Hammonds*, the Court would be inclined to agree. However, unlike the creditor in *Hammonds*, Holder waited until March 30, 2009, four days after the confirmation hearing, to raise the issue. A creditor seeking dismissal based on the debtor's ineligibility to file must timely raise the objection or it will be waived. *See In re Ross*, 338 B.R. 134, 136 (Bankr. N.D. Ga. 2006)("Consequently, *upon*

Case 09-40153-JJR13    Doc 58    Filed 09/02/09    Entered 09/02/09 12:23:24    Desc Main
Document    Page 3 of 8

*timely determination* that an individual ineligible to be a debtor under § 109(h) has filed a petition, the proper remedy is dismissal of the case.") (emphasis added); *see also In re Rios*, 2007 Bankr. LEXIS 4410 (Bankr. N.D. Ga. Nov. 2, 2007) (concluding that the eligibility requirement of § 109(h) may be waived). Holder had knowledge of this case and the opportunity to object well before confirmation, as illustrated by her proof of claim filed March 5, 2009. Because she did not timely raise the issue, Holder has waived any objection based on the Debtors' failure to timely complete credit counseling.

At the hearing on the Motion, Holder's attorney argued that Section 109(h)(1) is jurisdictional in nature, and since Debtors did not comply with the credit counseling requirement, the Court does not have jurisdiction over this case. Subject matter jurisdiction has been defined as "'the court's authority to hear a given type of case.'" *Parrett v. Bank One, N.A. (In re Nat'l Century Fin. Enterprises, Inc. Investment Litigation*, 323 F. Supp. 2d 861, 879 (S.D. Ohio 2004), *quoting U.S. v. Morton*, 467 U.S. 822, 828, 104 S.Ct. 2769, 2773, 81 L. Ed. 2d 680 (1984)). Section 1334 of title 28 confers to the district courts jurisdiction of all cases under title 11. *Trusted Net Media Holdings, LLC v. The Morrison Agency (In re Trusted Net Media Holdings, LLC)*, 550 F.3d 1035, 1039 (11th Cir. 2008). Section 157 of title 28 gives the district courts authority to refer cases under title 11 to the bankruptcy judges for the district. *Id.* The District Court of the Northern District of Alabama made such reference by General Order of Reference dated July 16, 1984, as amended July 17, 1984. Thus, the Bankruptcy Courts for the Northern District of Alabama have jurisdiction of all cases filed in the Northern District under title 11.

The conclusion drawn from Holder's assertion that this Court lacks jurisdiction over this case is that in addition to the jurisdictional statutes found in title 28, Section 109(h) affects the Court's

-4-

authority to hear cases filed under title 11. If Holder is correct this case must be dismissed regardless of the timeliness of her Motion, for there is no question that when subject matter jurisdiction over a case is lacking the case must be dismissed:

> It is clear that a motion to dismiss . . . , based on lack of subject matter jurisdiction, can be raised at any time, and a lack of jurisdiction of the subject matter cannot be waived by consent of the parties. . . . Moreover, if the parties fail to do so, the [c]ourt must raise the issue on its own initiative, regardless of the stage of the proceedings.

*Bicoastal Corp. v. Semi-Tech Microelectronics (Far East) Ltd (In re Bicoastal Corp.)*, 130 B.R. 597, 598 (Bankr. M.D. Fla. 1991) (citations omitted); *see also Trusted Net Media*, 550 F.3d at 1042 (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 1244, 163 L.Ed.2d 1097 (2006)). Unfortunately, the question of when a statue presents an issue of subject matter jurisdiction is not as easy to answer. There is little case law specifically addressing whether Section 109(h) is jurisdictional. Many courts examining other subsections of Section 109 have determined that the eligibility requirements of Section 109 are not jurisdictional. *See In re Lochamy*, 197 B.R. 384, 385-86 (Bankr. N.D. Ga. 1995); *In re Ross*, 338 B.R. 134, 136-38, 141 (Bankr. N.D. Ga. 2006); *In re Verdunn*, 210 B.R. 621, 623-24 (Bankr. M.D. Fla. 1997). The Eleventh Circuit has recently addressed whether the requirements of Section 303(b) for filing an involuntary petition implicate subject matter jurisdiction. In *Trusted Net Media Holdings, LLC v. The Morrison Agency (In re Trusted Net Media Holdings, LLC)*, an involuntary petition was filed listing only one petitioning creditor with a claim in the amount of $534,000.00 or more. *Trusted Net Media*, 550 F.3d at 1307. Trusted Net did not file a response to the involuntary petition, thus an order for relief was thereafter entered and a chapter 7 trustee was appointed. *Id.* Two years later, the controlling member (also a creditor) of Trusted Net filed a motion to dismiss alleging that the requirements of Section 303(b)

-5-

had not been met and thus the bankruptcy court did not have subject matter jurisdiction; this motion was denied. *Id*. at 1037-38. Another two years later (more than four years after the petition was filed) the debtor filed a motion to dismiss for lack of subject matter jurisdiction and again the bankruptcy court denied the motion, stating that "any argument by the [d]ebtor that the petitioning creditor's claims are the subject of a bona fide dispute or that more than one petitioning creditor was required to put this [d]ebtor into bankruptcy has been waived." *Id*. at 1038. After the district court affirmed the bankruptcy court's decision, the debtor appealed to the Eleventh Circuit. *Id*. The Eleventh Circuit affirmed. *Id*. at 1046.

The Eleventh Circuit identified three main considerations indicating the Section 303 involuntary bankruptcy requirements were not jurisdictional. First, Section 303 did not include "jurisdictional language:"

> To implicate subject matter jurisdiction, a statutory requirement must speak not just to the parties' substantive rights, but also to a particular court's power. *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 127 S.Ct. 1397, 1406, 167 L.Ed.2d 190 (2007)). "Only Congress may determine a lower federal court's subject-matter jurisdiction." *Kontrick v. Ryan*, 540 U.S. 443, 452, 124 S.Ct. 906, 914, 157 L.Ed.2d 867 (2004). Therefore, the Supreme Court has instructed that courts should look to whether Congress has included jurisdictional language in the statute in question . . . . "If the Legislature *clearly states* that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Arbaugh [v. Y & H Corp.]*, 546 U.S. [500,] 515-16, 126 S.Ct. [1235,] 1245 [(2006)].

*Trusted Net Media*, 550 F.3d at 1042. Second, the court determined a conclusion that Section 303(b) is not a jurisdictional statute is in line with the title 28 grant of jurisdiction regarding bankruptcy cases as well as the nature of subject matter jurisdiction itself:

> Subject matter jurisdiction . . . is the statutorily conferred power of the court to hear

-6-

a class of cases. As a class of cases, involuntary bankruptcy cases unquestionably
arise under Title 11 (the Bankruptcy Code) and thus fall within the congressional
grant of subject matter jurisdiction to the bankruptcy courts.

*Id*. at 1044 (citations omitted). Third, the court recognized "there is no indication from the text of

§ 303 that Congress intended bankruptcy courts to consider *sua sponte* at any point in the

proceedings whether the involuntary petition filing requirements have been met." *Id*.

Under the same considerations, it is apparent that Congress did not intend for Section 109(h)

to implicate subject matter jurisdiction. Section 109(h) contains no "jurisdictional language."

Congress did not state that this limitation as to who may be a debtor is likewise a limitation on the

jurisdiction of the courts. Thus, this Section must be treated as non-jurisdictional in nature. Second,

the conclusion that Section 109(h) is not jurisdictional is in line with the grant of bankruptcy case

jurisdiction in title 28. A bankruptcy case, whether appropriately filed or not, is filed under the

Bankruptcy Code. The failure to complete credit counseling one day before filing a petition does

not alter the jurisdictional grant of title 28. Third, there is no indication from the text of Section

109(h) that Congress intended for bankruptcy courts to *sua sponte* investigate whether a debtor has

complied with the credit counseling requirement.

In fact, the plain language of Section 109(h) affirmatively indicates that the section is not

jurisdictional. Subject matter jurisdiction cannot be waived or created; it either exists or it does not.

Section 109(h)(2) - (4)[3] outlines circumstances where the credit counseling requirement does not

---

[3] Section 109(h)(2) excuses a debtor from the credit counseling requirement where the
U.S. trustee or bankruptcy administrator determines that the "approved nonprofit budget and
credit counseling agencies for [the] district are not reasonably able to provide adequate services"
to those otherwise required to obtain credit counseling. Section 109(h)(3) provides that the credit
counseling requirement may be temporarily waived where there are exigent circumstances and
the debtor requested but could not obtain credit counseling services within five days. Section
109(h)(4) allows a court after notice and hearing to determine that a debtor is unable, and thus

-7-

apply.  Section 109(h) itself, by having exceptions to the credit counseling requirement, reveals that the credit counseling requirement is not subject matter jurisdictional in nature.

Because Holder has waived her objection regarding Debtors' failure to timely complete credit counseling and because the failure is not an issue of subject matter jurisdiction, the Motion to Reconsider is due to be denied.  Pursuant to Rule 9021, a separate Order will be entered consist with this opinion.

Dated:  September 2, 2009

/s/ James J. Robinson
JAMES J. ROBINSON
United States Bankruptcy Judge

---

not required, to obtain credit counseling "because of incapacity, disability, or active military duty in a military combat zone."